The final case for argument this morning is 23-2022, MYPAQ Holdings v. Samsung. Good morning, please proceed. Good morning, Your Honors. May it please the Court, Mitch Yang on behalf of Appellant MYPAQ and with me today is Jim Carmichael. Everyone agrees that monolithically integrated means fabricated from a single piece of material. The issue here is even though that is the construction the Board should have used, the Board's prior analysis used a different construction on a single chip. In doing so, the Board implicitly changed the construction of monolithically integrated, which under this Court's precedence is a legal error subject to de novo review. Based on the briefs, I expect my colleague on the other side to come up after me and present three reasons to affirm the final written decision. I will address them in the order that they're briefed unless Your Honors have a different preference. Hearing none, the first argument is that these two constructions mean the same thing, that essentially fabricated from a single piece of material means the same thing as on a single chip. And to be frank, Your Honor, that is just contrary to the direct meaning of these two terms. The word fabricated from indicates the beginning of the process. When something is fabricated from, that means you take a single piece of material and you use that to create the chip. When something is simply on a single chip, that refers to the outcome of the process. At the end of the fabrication process, you have a single chip. But that speaks nothing of how the fabrication process works or what kind of materials are used to begin the process. If I could give an analogy in the archaeological context where the word monolithic originated, there are two kinds of columns in archaeology. In ancient Egyptian columns, they would take a single piece of rock, a giant piece of rock, and they would chisel a complete column out of this piece of rock. And in that case, that column is monolithic because it's chiseled out of the single piece of rock. If the column cracks during the chiseling process, they would, in fact, throw the column away. By contrast to that, Roman columns, they're made out of stone blocks about this high. They're in drums. And you would stack each of these drums on top of each other. At the end of the stacking process, you would have a column as well. But that column isn't monolithic because it's made out of all these individual stone blocks stacked on top of each other. In both of these examples, only one column, the one that's made out of a single piece of material, is monolithic. The other column, the one that's made out of multiple pieces of material stacked on top of each other, that is not monolithic. And that's the same issue with these two constructions. When you begin with a single piece of semiconductor material and you fabricate the chip out of that one single piece, then that speaks to the fact that the material is monolithic. If, at the end of the process, you have a single chip, that doesn't speak of anything of how this chip was created. In fact, we have expert testimony and evidence from textbooks at the time of the invention that describes two different types of integrated circuits, which are a single chip. One of these types is the monolithic integrated circuit. That is the circuit that's created from, fabricated from, a single piece of material. The other type is called a hybrid integrated circuit. And that, even though that is also a single chip, at the end of the process, the process doesn't start with a single piece of material. In a hybrid integrated circuit, you have more than one piece of material. You put those together and you still get a single chip. But that single chip isn't made from a single piece of material. Can you just give us a little bit more information about this case, and the pieces of prior art, and why, under your argument? Certainly, Your Honor. That is actually the third argument. Their argument is that the prior art evidence on a single chip is equivalent to the agreed construction, which is fabricated from a single piece of material. There are two principal pieces of prior art that we're looking at here. And the first one is the Zarev reference. In the Zarev reference, what it shows is, it has some figures in it, which shows a single chip at the end of the fabrication process, which, appellees have argued, shows all of the claim elements, the circuit elements in independent claim one, which has now been disclaimed. The issue is, I asked the director, Mr. Alanius, directly, does Zarev teach how this chip is fabricated? And his answer was, no, it doesn't. If the prior art doesn't teach how the chip is fabricated, then it tells you nothing about whether it's monolithic or not. Because the evidence demonstrates that there are two types of chips. One is monolithic, the other is not. They haven't shown that this particular chip in Zarev is monolithic, because the illustration only shows what the end result of the fabrication process is. It doesn't tell you anything about whether this chip is made from one piece of material or multiple pieces of material, as the field at the time of invention understood. There could be both ways of fabricating a chip. So, it's completely silent as to whether this chip is one piece or multiple pieces. All they have is one figure that shows the result. But the words monolithically integrated is directed to the input of the process, not the result. So, because it only shows the result, and it's silent on the input process, it doesn't teach anything about monolithically integrated. And the same is true of the other piece of prior art that they use in their second round, which is Lyo. Exactly like Zarev, Lyo has a single chip at the end of the process. And we don't dispute that. The problem is, it only shows the single chip. It doesn't tell you how that chip was made. Because it doesn't tell you how that chip was made, it doesn't tell you whether the process starts out monolithically with a single piece of semiconductor material, or if it starts out with multiple pieces of material and you put them together like a jigsaw puzzle. In either case, you end up with a single chip. But only in one case, when you start with a single piece of material, does that meet the monolithically integrated limitation. So, in order to meet this limitation, petitioners have to identify somewhere in either of these two references, or prior art, a teaching that the fabrication process started out with a single piece of material. And there's simply no teaching whatsoever in either piece of prior art. In fact, they asked Mr. Alanius, their expert, and he said, no, it doesn't teach anything about how these chips are created. But as long as they have the limitation, why do they have to show how it was, as your terming, how it was built? I don't see this as a case involving claim construction. It seems like your arguments are all about the scope and the content of the prior art. But yet, there's an agreement that the prior art all contains the same limitation that you're now arguing. And this is production from a single die. Judge Reina, I respectfully disagree with that. The issue is that the board changed the claim construction on us after we've already agreed to it. Our agreed construction is monolithically integrated means you have to start with a single piece of material. But they both disclosed the limitation correctly that this is construction from a single die. No, Your Honor, it discloses a single die. It doesn't disclose how the die is constructed. In fact, I asked Mr. Alanius, their expert, how is this die constructed? He said it doesn't disclose anything about the construction. Why does it have to describe how it is made from a single die if the limitation is manufactured from a single die? Because the words fabricated from means that you start the process with a single piece of material. This, I think, is the other confusion that they're trying to create. The semiconductor material is not a die. The die refers to the chip at the end of the process. So when you have a single die, at the end of the process, you have a single chip. That is what they've shown. The problem is that monolithically integrated isn't directed to the single die at the end of the process. It's directed to the single piece of semiconductor material at the beginning of the process. In order to show monolithically integrated, they have to identify a single piece of semiconductor material that they're using to create the die before any of the fabrication occurs. They have not done that. All they've shown is that here's this piece of die after the fabrication process. It's one die. We agree with that, but that's not what the word monolithically integrated means under the party's construction, which the board has adopted. Monolithically integrated specifically refers to the single piece of material at the beginning of the process. That's what they've failed to identify in the prior art. In fact, that is why the board switched the constructions on us, is because the board couldn't find any teaching in the prior art where – So wasn't there an agreement on monolithically integrated as fabricated from a single piece of semiconductor material? That's correct. That's the construction. Correct. Okay. The key words there are fabricated from. The words fabricated from mean that you're taking the single piece of material, and that's what you're making into the die. When you're fabricated from a single piece of material, you take the single piece of material, and you turn that into a die. So it's exactly identical to the column analogy I described earlier. It means you start with the rock. You have to identify what the single piece of rock is. You can't look at the column that you've chiseled out of the rock. That could or could not be made from a single piece of rock. You have to identify the single piece of rock at the beginning. What they've in turn identified is the column at the end. We don't know if the column at the end is made out of a single piece of rock or if it's constructed out of multiple pieces of rock, and that's not disclosed anywhere in the prior art, as their expert has testified and agreed to. So when they say a single die, that's looking at the column or the die after the process has been completed. The single die has nothing to do with the single piece of semiconductor material that's being used to craft the die. That is what the prior art needs to teach. And I see I'm a few seconds close to my rebuttal time. I'd like to reserve the rest of it. Thank you, Your Honor. Your Honor? Good morning, Your Honor. May it please the Court. This is not a method claim. This is a circuit claim. The only thing that the parties seem to have a disagreement about is whether the PTAB understood the meaning of its construction. And it's clear from reading the Board's opinion that the Board certainly did agree. Can you speak up just a tiny bit? Sure. It's clear from reading the Board's opinion that it did understand the construction quite well. It merely made a factual finding that disagrees with the arguments the patent owner is making. So in particular, the Board was very careful to explain, both with respect to Zverev and Liaw, how the structure and the evidence that is presented to the Board met that construction. Turning to the analysis of the Zverev reference, which begins, really, I suppose you could say it begins in earnest at page 38 of the appendix, the Board carefully stepped through the exact argument that the patent owner is making to this Court and said that the Board was finding in favor of Petitioner because specifically it believed that what's described in Zverev, both in the figures and the text, as well as after reviewing and relying on the expert's explanation of that prior art, the Board found, quote, Petitioner demonstrates persuasively that Switch T2 and Sense MOSFET T3 are monolithically integrated on a single semiconductor chip, CH1. It goes on to say... What page? I'm sorry. Sorry, I'm beginning from page 38 of the appendix. And what line, roughly? I see, Petitioner demonstrates persuasively about line 8. Correct. Then it goes on to say, Petitioner also demonstrates persuasively that Zverev's use of the term chip, i.e. a single chip or die, as opposed to package, i.e. two chips arranged together, shows that the single semiconductor chip is synonymous with single semiconductor die, i.e. fabricated from a single piece of semiconductor material. Well, the place that I think your opposing counsel gets off the train here is the IE. Well, yeah. That doesn't follow, and therein lies the flaw. What is your response to that? Well, there's no... I mean, the die is the... there's no dispute that a die is the end result of a semiconductor manufacturing process. Right, but what he says there is a dispute is whether the die, or a die in general, is necessarily manufactured from a single piece of semiconductor material. Right, well, there's... He disagrees. So he says... I'm putting words in his mouth, but I think he would say that the problem with this sentence is the IE. That doesn't follow. So what's your response? Well, perhaps, but there's absolutely no evidence to the contrary, right? There's no evidence that their expert presented that there's a way to make a die that isn't monolithically integrated. In fact, the evidence was exactly the opposite. Okay, that's what... Yeah, okay, sure. So we catalog that in the brief. So, for instance, in Appendix 1483, this is their expert's testimony to the board. He says, based on... this is Paragraph 45 of his declaration. Based on Figure 3 and the description of a single silicon die, a person would understand that a single silicon die comprises a single piece of silicon. Right, he's saying exactly what... and he goes on in Paragraph 46 to quote from various extrinsic references, all of which say the same thing. Everyone in the world uses this term monolithically integrated to mean manufactured in a single piece of silicon. And that's exactly the same meaning the board applied when it interpreted the prior art in Zebra, saying, Aha, I see he uses a chip, I see what they've done, this is a single piece of silicon, therefore it's monolithically integrated. So what you're saying, in effect, is that, to take his analogy, that there's no such thing as Roman columns. Well, what I would say... In this technology, they're all Egyptian columns. What I would say is I think neither of those analogies is particularly apt for how a semiconductor is actually manufactured. Because how a semiconductor is manufactured in general starts with a silicon substrate, a single piece of crystal, and it's built upon that to make a bigger crystal, right? So you're essentially growing the Egyptian column starting from a piece and growing on top of it. You're not just stacking individual pieces of silicon together. That would make no sense. You have to create a single crystal, and they do that from the beginning, from the bottom. The only other point I would make, then, is with respect to Liaw. You can see this directly in the figure of Liaw, which is reproduced at page 41 of the board's decision. They show figure four of Liaw. There they're describing our argument, the argument Petitioner made to the PTAB, as saying... Again, this is page 41. Figure four of Liaw is presented, and the board says, Petitioner argues that annotated figure four shows each of these additional active components monolithically integrated on high-voltage chip 60 with a single substrate 86. And you see from that picture there, that substrate 86 is on the bottom. That's the base that begins this building up process of the whole monolithic structure. The board then goes on in its analysis at page 42 to find, quote, we determine that Liaw's disclosure of how its active components are integrated on a single chip, i.e. dye, teaches that Liaw's additional active components are monolithically integrated. So, again, it does the same analysis with respect to Liaw. It looks at this figure. It sees, yep, I see a single crystal. I see all the parts of the circuit that we need to see monolithically integrated on a single crystal. That's the constructions. That's how the board reached the final written decision here. So all we really have is the other side saying, well, we disagree with its factual finding that that's monolithic. But the board is free to make a factual finding as to whether that's monolithic or not. In fact, there's literally no evidence in the record that that could be anything other than monolithic. It's a single crystal. Liaw explains that's grown through epitaxial growth. So you start with the crystal on the bottom. You build a bigger crystal on top, and you're done. And that's what the claim covers. Unless the court had any other questions, I'll give back the balance of my time. Thank you, Your Honor. I think first we've heard my opposing counsel say that all semiconductor chips are monolithic because they're all fabricated from a single piece of material. First of all, I have to point out, they've never presented any evidence of that in the proceedings below. They've never shown any evidence of that. In an IPR, the burden of proof is on them. And so in order for them to establish this fact, which has not been established, they have to present some evidence of it. They haven't. On the contrary, we've presented evidence below that's unrebutted, that a semiconductor chip is not always fabricated from a single piece of material. We presented two types of evidence. The first is the declaration from our expert, Dr. Faris. It's at JA 1495, where he lays out these two separate types of integrated circuits. Monolithic integrated circuits that are made from a single piece of material, and hybrid integrated circuits that are made out of more than one piece of material, and you put them together. But that's not all the evidence that we have. We also put in a textbook around the time I've been mentioned. That's at JA 1553. And that textbook corroborates what our expert has said. That textbook also says there are two types of semiconductor chips. There are monolithic ICs, which is one chip made out of one piece of material, and there are hybrid ICs. And the textbook says the defining feature of a monolithic chip is that this monolithic chip is made out of one piece of material. So using logic, it must mean that a hybrid IC, supporting Dr. Faris's conclusion, is made out of more than one piece of material. That is the evidence that we've presented that's been completely unrebutted by petitioners. And they bear the burden of proof in an IPR to show that a chip is always monolithic. They've simply failed to present any evidence of that. I'm going back to the final written decision. The other issue that they've convinced the board of is that the board makes its conclusion that the prior art is fabricated on a single piece of material, but that conclusion is always premised on factual findings using a different construction on a single chip. The board never identifies anywhere where any other prior art talks about, hey, this is where we make our chip and it's made out of a single piece of material. The board hasn't identified any teaching of that whatsoever in the prior art. If the board had done that, this would have been a very different appeal and I wouldn't be here. And that's what I'm asking for, is for you to require the board to identify where the prior art teaches the fabrication process starts from a single piece of material. They haven't done that. All they've done is they've looked at figures of the prior art after the fabrication process. Once it is already a single chip and say, this is a single chip after the process, which is on a single chip, that's the construction they've changed it to. And then they've said, because the prior art shows the result of the fabrication process is a single chip, we're going to conclude from that that it was fabricated from a single piece of material. That is a logical leap that I disagree with and I think is legal error. They've essentially said the prior art teaches X, therefore we conclude it teaches Y. That to me is a logical non sequitur that shouldn't be allowed. If it is, then no patent at the PTO would ever be found valid ever again. They would be able to identify something in the prior art that has nothing to do with what the claims are directed towards and say, this is what the prior art teaches, therefore it invalidates the claim. That is precisely what the board has done. If you look at Appendix 38, the board's factual findings are that their use of the term chip as opposed to package shows the single semiconductor chip is synonymous with the single semiconductor die on Appendix 38. What the board is saying is there's a single semiconductor die here after the process. And then they put an IE after that to say IE fabricated from a single piece of material. That's the issue we have, is that they've equated the chip at the end of the process with the single piece of material at the beginning of the process when there's evidence that the process may or may not use a single piece of material to arrive at a single chip or die at the end. That is an error that the board has made for both Zareff and Leal. They've looked at the figures in Zareff and Leal. They've identified where it shows a single chip. And then they've said the single chip after the process is equivalent to monolithically integrated. Is it fair to say, based on that bit of text and the board's opinion and others, that the board has made a factual finding that a single semiconductor chip is the same as a single semiconductor die, which is to be something that's fabricated from a single piece of semiconductor material? That that's a finding of fact and that we would have to accept that unless we find that it's not supported by substantial evidence. Well, here's the interesting thing, Your Honor. The board never actually said what you just said, that a single... Suppose that I read that as saying what I just said. Would you view that as a finding of fact? No, because that's the conclusion that's premised on its erroneous claim construction where it says that the prior teaches on a single chip. And then they equate that with fabricated from. But what they're saying is that single semiconductor chip is a single semiconductor die, which is fabricated for a single piece. Let me put it this way. If you accepted that as true, would you still have an argument to make? I do, Your Honor, because the issue there is that the board hasn't tied these two pieces together. They're not saying... The IE is what ties them together. The IE is saying that it's making the conclusion that the prior teaches monolithically integrated because they're pointing to the evidence that they're citing. The because evidence is that there's a single chip at the end of the process. That sounds to me like an attack on the evidence that the board is using to draw its conclusion. What I'm asking is, does that conclusion, if true, defeat your argument? The problem is that that conclusion hinges on evidence under the wrong claim construction. The evidence is under the construction that there's a single chip. That's the construction the board used to analyze the prior. Then from that evidence analyzed under this incorrect conclusion, the board then makes the determination that the correct construction is taught because it looked at the prior under the wrong construction. Like I said, if this was allowed to stand, the board could change constructions willy-nilly for whatever reason and invalidate every single patent because it would simply be able to determine that the prior taught it under one construction and conclude that it's there under a completely different construction. The board essentially changed constructions. Thank you, Your Honor. We thank both sides of the case for submitting. That concludes our proceedings.